IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| SOUTHERN FOUR WHEEL DRIVE ASSOC., UNITED FOUR WHEEL DRIVE ASSOCIATION, THE BLUE RIBBON COALITION,<br><br>    Plaintiffs,<br>  v.<br><br>UNITED STATES FOREST SERVICE, NANTAHALA NATIONAL FOREST, MARISUE HILLIARD, Forest Supervisor,<br><br>    Defendants,<br><br>TROUT UNLIMITED, PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, WILD SOUTH,<br><br>    Intervenor-Defendants. | Case No. 2:10-cv-00015-MR-DCK<br><br>**ANSWER OF INTERVENOR-DEFENDANTS** |

Intervenor- Defendants Trout Unlimited, Public Employees for Environmental Responsibility and Wild South ("Intervenor-Defendants"), by and through their undersigned counsel of record, file this Answer and offer the Affirmative Defenses identified herein.

## ANSWER TO NUMBERED ALLEGATIONS

1. Intervenor-Defendants admit that Plaintiffs (collectively "the ORV Clubs") have filed an action seeking declaratory and injunctive relief. The remaining allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, the remaining allegations of Paragraph 1 are denied.

2. Intervenor-Defendants admit that the ORV Clubs purport to challenge certain management decisions of Defendants (collectively "the Forest Service") including a December

1

20, 2007 Decision Memo (the "Interim Orders"), a March 31, 009 decision memos (the "temporary closure order"), and an October 14, 2009 Decision Notice. The provisions of these documents speak for themselves and therefore no further answer is required of these intervening defendants. To the extent a response is required, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Intervenor-Defendants admit that the ORV Clubs purport to assert claims under the National Forest Management Act, 16 U.S.C. § 1600 et seq. ("NFMA"); the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA"); the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "APA"), and implementing regulations for these statutes. Intervenor-Defendants deny that the ORV Clubs are entitled to any relief under those statutes.

## JURISDICTION AND VENUE

5. Intervenor-Defendants admit that claims properly arising under National Forest Management Act, 16 U.S.C. § 1600 et seq. ("NFMA"); the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA"); the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "APA") are subject to this Court's jurisdiction under 28 U.S.C. §1331. The remaining allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, the remaining allegations of Paragraph 5 are denied.

6. Admitted.

## PARTIES

7. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 7 and therefore they are denied.

8. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 8 and therefore they are denied

9. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 9 and therefore they are denied

10. Admitted.

11. Intervenor-Defendants admit that the Nantahala National Forest is a subunit of the United States Forest Service with its main office located in Asheville, North Carolina. Intervenor-Defendants have insufficient information and knowledge to form a belief as to acreage of the Nantahala National Forest and therefore deny allegations on that topic.

12. Intervenor-Defendants admit that Marisue Hilliard is the Forest Supervisor for the Nantahala National Forest, that she signed the decision notices at issue in this litigation, and that she is sued in her official capacity. The remaining allegations of paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, the remaining allegations of Paragraph 12 are denied.

**LEGAL FRAMEWORK**

13. The provisions of the Administrative Procedures Act speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of paragraph 13 constitute legal conclusions to which no response is required.

14. The provisions of the National Environmental Policy Act and the Code of Federal Regulations speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of paragraph 14 constitute legal conclusions to which no response is required.

15. The provisions of the National Forest Management Act, Multiple-Use Sustained Yield Act and judicial decisions in the Federal Reporter speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of paragraph 15 constitute legal conclusions to which no response is required.

16. The provisions of the National Forest Management Act and the Code of Federal Regulations speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of paragraph 16 constitute legal conclusions to which no response is required.

17. The provisions of the Federal Register speak for themselves and therefore no further answer is required of these intervening defendants. Intervenor-Defendants admit that the Travel Management Rule was issued following publication of, and receipt of public comment upon, a proposed rule. The remaining allegations of paragraph 17 constitute legal conclusions to which no response is required.

18. The provisions of the Federal Register speak for themselves and therefore no further answer is required of these intervening defendants.

19. The provisions of the Code of Federal Regulations speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of paragraph 19 constitute legal conclusions to which no response is required.

**GENERAL ALLEGATIONS**

20. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 20 and therefore they are denied.

21. Intervenor-Defendants admit that the Upper Tellico OHV System is located within the Tusquitee Ranger District of the Nantahala National Forest in an area characterized by

very steep terrain and a variety of vegetation and wildlife. It is further admitted that the system previously contained thirteen (13) formally designated OHV trails characterized by varying degrees of difficulty from easy to extremely challenging. Intervenor-Defendants further admit that the system previously included 39.3 miles of designated trail and roadway, located within an area approximately 8,000 acres in size. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 21 and therefore they are denied.

22. The provisions of the Code of Federal Regulations speak for themselves and therefore no further answer is required of these intervening defendants. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 22 and therefore they are denied.

23. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 23 and therefore they are denied.

24. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 24 and therefore they are denied.

25. Denied.

26. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 26 and therefore they are denied.

27. Intervenor-Defendants admit that they submitted, on June 28, 2007, a letter advising the Forest Service of their intent to bring suit for violations of North Carolina and Tennessee water quality laws and regulations, the Federal Water Pollution Control Act ("Clean Water Act" or "CWA", 33 U.S.C. § 1251 et seq.), the National Environmental Policy Act ("NEPA", 42 U.S.C. § 4321 et seq.), the National Forest Management Act ("NFMA", 16. U.S.C.

§ 1600 et seq), and the Forest Service's own regulations caused by the operation and management of the Tellico ORV Area if those violations were not addressed within 60 days. The remaining allegations of Paragraph 27 are denied.

28. The provisions of the Notice of Intent speak for themselves and therefore no further answer is required of these intervening defendants.

29. Intervenor-Defendants admit that they have, individually and through counsel, met numerous times with Forest Service employees and participated in larger meeting with the Forest Service and representatives of the ORV Clubs. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 29 and therefore they are denied.

30. Admitted.

31. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 31 and therefore they are denied.

32. Admitted.

33. Intervenor-Defendants admit that the Forest Service initiated a trail condition survey in the fall of 2007. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 33 and therefore they are denied.

34. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 34 and therefore they are denied.

35. Intervenor-Defendants admit that the Forest Service held an informational meeting including representatives of the ORV Clubs and Intervenor-Defendants on November 19, 2007. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 35 and therefore they are denied.

36. Intervenor-Defendants admit that Marisue Hilliard, Forest Supervisor, issued a Decision Memo on December 18, 2007, and further issued on December 20, 2007, two closure orders which are documents that speak for themselves and therefore no further answer is required of these intervening defendants.

37. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 37 and therefore they are denied.

38. The provisions of the Interim Orders speak for themselves and therefore no further answer is required of these intervening defendants.

39. Admitted.

40. Intervenor-Defendants admit that the Forest Service issued a proposal for long-term management of the Tellico ORV trail system in June of 2009. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the remaining allegations in Paragraph 40 and therefore they are denied.

41. Intervenor-Defendants admit that the ORV Clubs voluntarily dismissed their lawsuit on October 20, 2008 by a stipulation of judgment which is a document that speaks for itself such that no further answer is required of these intervening defendants.

42. Intervenor-Defendants admit that on February 27, 2009, the Forest Service released a draft environmental assessment analyzing a range of alternative management strategies ranging from expanding the Tellico ORV system to the closure of the Tellico ORV system. Intervenor-Defendants admit that Marisue Hilliard issued a letter announcing the release of the draft environmental assessment on February 27, 209. The draft environmental assessment and accompanying letter speak for themselves and no further response is required of these intervening defendants. Intervenor-Defendants deny that it is unusual for a federal agency to

identify its preferred alternative concurrent with a draft environmental assessment analyzing a range of alternatives.

43. Intervenor-Defendants admit that on March 31, 2009, the Forest Service issued an interim order and decision memo implementing a temporary closure of the Tellico ORV system. The remaining allegations of Paragraph 43 are denied.

44. Intervenor-Defendants admit that on October 14, 2009, the Forest Service issued a final Decision Notice/Finding of No Significant Impact and final environmental assessment for its management of the Tellico ORV area. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 44 and therefore they are denied.

45. Admitted.

46. Denied.

47. Intervenor-Defendants admit that on April 19, 2010, the Forest Service posted an electronic solicitation, which is a document speaks for itself such that no further response is required, for contractors to decommission and recontour closed trails the Tellico ORV trail system and subsequently amended that solicitation, on May 3, 4, and 5, 2010. The remaining allegations of Paragraph 47 are denied.

48. Intervenor-Defendants admit that Plaintiffs purport to challenge the Forest Service interim and final orders and solicitation for contractors. The remaining allegations of Paragraph 48 are denied.

**COUNT ONE: VIOLATION OF NEPA**
**(Failure to Analyze Action Involving Potential Significant Effects)**

49. Intervenor-Defendants' responses to paragraphs 1 through 48 of Plaintiffs' complaint are incorporated here by reference.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. The allegations of Paragraph 55 state conclusions of law to which no response is required.

56. The allegations of Paragraph 56 state conclusions of law to which no response is required.

57. Denied.

### COUNT TWO: VIOLATION OF NEPA
### (Failure to Prepare EIS)

58. Intervenor-Defendants' responses to paragraphs 1 through 57 of Plaintiffs' complaint are incorporated here by reference.

59. The provisions of the National Environmental Policy Act speak for themselves and therefore no further answer is required of these intervening defendants.

60. The allegations of Paragraph 60 state conclusions of law to which no response is required.

61. The provisions of the Code of Federal regulations speak for themselves and therefore no further answer is required of these intervening defendants. The remaining allegations of Paragraph 61 state conclusions of law to which no response is required.

62. Denied.

63. Denied.

64. The allegations of Paragraph 64 state conclusions of law to which no response is required.

65. The allegations of Paragraph 65 state conclusions of law to which no response is required.

66. Denied.

### COUNT THREE: VIOLATION OF NEPA
### (Failure to Meaningfully Consider Alternatives to Closure)

67. Intervenor-Defendants' responses to paragraphs 1 through 66 of Plaintiffs' complaint are incorporated here by reference.

68. The provisions of the National Environmental Policy Act speak for themselves and therefore no further answer is required of these intervening defendants.

69. The allegations of Paragraph 69 state conclusions of law to which no response is required.

[*Plaintiffs' 70th Paragraph is misnumbered as 67 with subsequent paragraphs continuing the misnumbered sequence. For purposes of this answer, Intervenor-Defendants track the paragraph numbers of Plaintiff's complaint as numbered by Plaintiff, including the repeated numbers 67, 68, and 69.*]

67. Denied.

68. Denied.

69. Denied.

70. The allegations of this paragraph state conclusions of law to which no response is required.

71. The allegations of this paragraph state conclusions of law to which no response is required.

72. Denied.

## COUNT FOUR: VIOLATION OF NEPA
### (Procedural Deficiencies in Technical Analysis)

73. Intervenor-Defendants' responses to paragraphs numbered 1 through 72 of Plaintiffs' complaint are incorporated here by reference.

74. The provisions of the National Environmental Policy Act speak for themselves and therefore no further answer is required of these intervening defendants.

75. Intervenor-Defendants admit that certain monitoring data was incorporated by reference in the Forest Service's Draft Environmental Assessment and listed in the table of references. Intervenor-Defendants admit that the Forest Service's decision notice made reference to a study of benthic-macroinvertebrates. Intervenor-Defendants deny the remaining allegations of paragraph 75.

76. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 76 and therefore they are denied.

77. Intervenor-Defendants have insufficient information and knowledge to form a belief as to the allegations in Paragraph 77 and therefore they are denied.

78. Denied

79. The allegations of this paragraph state conclusions of law to which no response is required.

80. The allegations of this paragraph state conclusions of law to which no response is required.

81. Denied.

## COUNT FIVE: VIOLATION OF NEPA
### (Illegal Conclusions in Technical Analysis)

82. Intervenor-Defendants' responses to paragraphs numbered 1 through 81 of Plaintiffs' complaint are incorporated here by reference.

83. Intervenor-Defendants admit that illegally high turbidity has been documented in the Tellico River and that the Forest Service concluded that those turbidity levels were causally-related to ORV travel in the Tellico ORV system. Intervenor-Defendants deny that the Forest Service actions challenged in this litigation hinged on that conclusion.

84. Admitted.

85. Denied.

86. Denied.

87. The allegations of this paragraph state conclusions of law to which no response is required.

88. The allegations of this paragraph state conclusions of law to which no response is required.

89. Denied.

## COUNT SIX: VIOLATION OF NEPA
### (Inadequate Range of Alternatives)

90. Intervenor-Defendants' responses to paragraphs numbered 1 through 89 of Plaintiffs' complaint are incorporated here by reference.

91. The provisions of the National Environmental Policy Act speak for themselves and therefore no further answer is required of these intervening defendants.

92. Denied.

93. The allegations of this paragraph state conclusions of law to which no response is required.

94. The allegations of this paragraph state conclusions of law to which no response is required.

95. Denied.

**COUNT SEVEN: VIOLATION NFMA-TRAVEL MANAGEMENT RULE**
**(Illegal Application of Substantive Criteria)**

96. Intervenor-Defendants' responses to paragraphs numbered 1 through 95 of Plaintiffs' complaint are incorporated here by reference.

97. Denied.

98. The allegations of this paragraph state conclusions of law to which no response is required.

99. The allegations of this paragraph state conclusions of law to which no response is required.

100. Denied.

**REQUEST FOR RELIEF**

Intervenor-Defendants deny that the ORV Clubs are entitled to the relief prayed for or to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Claim)**

Plaintiffs' complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Administrative Actions Required By Law)**

Plaintiffs' complaint challenges Forest Service actions which were legally required by multiple statutory and regulatory authorities.

### THIRD AFFIRMATIVE DEFENSE
**(Mootness)**

The claims in the complaint, in whole or in part, are moot and do not present an actionable case or controversy.

WHEREFORE, having fully answered the ORV Clubs' Complaint and asserted the forgoing Affirmative Defenses, Intervenor-Defendants pray for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Respectfully Submitted,

August 4, 2010
                s/Austin D. Gerken Jr.
                Austin D. Gerken Jr. (N.C. Bar 32689)
                Southern Environmental Law Center
                29 N. Market St., Suite 604
                Asheville, NC  28801
                Telephone: (828) 258-2023
                Fax: (828) 258-2024
                E-Mail: djgerken@selcnc.org
                *Counsel for Intervenor-Defendants*